IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:


CITIZEN CENTER, a Colorado nonprofit corporation,

      Plaintiff,

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State,
SHEILA REINER, in her official capacity as Mesa County Clerk & Recorder,
SCOTT DOYLE, in his official capacity as Larimer County Clerk & Recorder,
PAM ANDERSON, in her official capacity as Jefferson County Clerk & Recorder,
HILLARY HALL, in her official capacity as Boulder County Clerk & Recorder,
JOYCE RENO, in her official capacity as Chaffee County Clerk & Recorder,
TEAK SIMONTON, in her official capacity as Eagle County Clerk & Recorder,

      Defendants.

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Citizen Center complains and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is a civil rights action for declaratory and injunctive relief brought against seven Colorado elections officials who have unconstitutionally arrogated to the government the authority to create, compile and maintain after an election information that permits voted ballots to be traced to the individual voters who cast those ballots, thereby depriving Colorado citizens on both a random and a systematic basis of constitutional rights exercised through the "secret ballot."

2.     "The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative

government." Reynolds v. Sims, 377 U.S. 533, 555 (1964). The secret ballot – "the hard-won right to vote one's conscience without fear of retaliation" – is a cornerstone of this right to freely vote for one's electoral choices. Am. Constitutional Law Found., Inc. v. Meyer, 120 F.3d 1092, 1102 (10th Cir. 1997) (quoting McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 343 (1995)), aff'd sub nom. Buckley v. Am. Constitutional Law Found., Inc., 525 U.S. 182 (1999).

3.     Because "the very purpose of the secret ballot is to protect the individual's right to cast a vote without explaining to anyone for whom, or for what reason, the vote is cast," Rogers v. Lodge, 458 U.S. 613, 647 n.30 (1982), any violation of secrecy in voting is necessarily destructive of the secret ballot's object and burdens those constitutional rights that are furthered by secrecy in voting and that are exercised during the act of voting by means of a secret ballot.

4.     The secret ballot exists to guarantee that no one – including especially the government – is ever in a position to know how a particular person voted. When, as here, secrecy in voting has been and will be arbitrarily violated by policies and procedures deliberately adopted and implemented by government officials, not only is the citizen's fundamental right to vote itself substantially and unconstitutionally infringed, but so too are the citizen's First and Fourteenth Amendment rights to freedom of speech, to freedom of association, to equal protection of the laws and to substantive and procedural due process.

## PARTIES

5.     Plaintiff the Citizen Center is a non-profit membership organization with standing to vindicate the interests of its members whose rights, status or other legal relations are affected by the Defendants' actions. Among its organizational purposes, Citizen Center works to protect the constitutional rights of its members and of all American citizens, including the fundamental right

to vote, the fundamental right to freedom of speech, the fundamental right to freedom of association and those substantial liberty interests created by state law that warrant federal constitutional protection, such as the right to secrecy in voting under the Colorado Constitution.

6.      Citizen Center is an organization composed of members who would have standing to sue in their individual right for the allegations set forth in this Complaint.

7.      The interests that the Citizen Center seeks to protect in this action are germane to the organization's purposes.

8.      Neither the claims asserted nor the relief requested by Citizen Center in this action requires participation by each of the individual members of Citizen Center.

9.      Defendant Scott Gessler is the elected Secretary of State of the State of Colorado. The Secretary is the public officer responsible for supervising the conduct of primary, general, congressional vacancy and statewide ballot issue elections in the State of Colorado.   The Secretary is responsible for enforcing the election laws and for promulgating rules necessary for the proper administration and enforcement of those laws.   The Secretary is responsible for inspecting and reviewing the practices and procedures of county clerk and recorders.   At all times material to this Complaint, the Secretary has acted or will act under color of state law. The Secretary is sued in his official capacity.

10.      Defendant Sheila Reiner is the elected Clerk & Recorder of Mesa County, Colorado. Reiner is the public officer responsible for the conduct of elections in Mesa County.   At all times material to this Complaint, Reiner has acted or will act under color of state law. Reiner is sued in her official capacity.

11.     Defendant Scott Doyle is the elected Clerk & Recorder of Larimer County, Colorado. Doyle is the public officer responsible for the conduct of elections in Larimer County. At all times material to this Complaint, Doyle has acted or will act under color of state law. Doyle is sued in his official capacity.

12.     Defendant Pam Anderson is the elected Clerk & Recorder of Jefferson County, Colorado.   Anderson is the public officer responsible for the conduct of elections in Jefferson County.   At all times material to this Complaint, Anderson has acted or will act under color of state law. Anderson is sued in her official capacity.

13.     Defendant Hillary Hall is the elected Clerk & Recorder of Boulder County, Colorado. Hall is the public officer responsible for the conduct of elections in Boulder County. At all times material to this Complaint, Hall has acted or will act under color of state law. Hall is sued in her official capacity.

14.     Defendant Joyce Reno is the elected Clerk & Recorder of Chaffee County, Colorado. Reno is the public officer responsible for the conduct of elections in Chaffee County. At all times material to this Complaint, Reno has acted or will act under color of state law. Reno is sued in her official capacity.

15.     Defendant Teak Simonton is the elected Clerk & Recorder of Eagle County, Colorado. Simonton is the public officer responsible for the conduct of elections in Eagle County. At all times material to this Complaint, Simonton has acted or will act under color of state law. Simonton is sued in her official capacity.

16.     Plaintiff seeks only prospective declaratory and injunctive relief against each of the Defendants in this action.

## JURISDICTION

17.     This civil rights lawsuit arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

18.     This Court has original subject-matter jurisdiction over Plaintiff's federal claims pursuant to U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. §§ 1331, 1343(a)(3)-(4) and 1357; and 42 U.S.C. § 1983.

19.     This case also arises under Article VII, § 8 of the Colorado Constitution.

20.     This Court has supplemental jurisdiction over Plaintiff's state constitutional claims pursuant to 28 U.S.C. § 1367(a).

21.     This Court may grant Plaintiff's requested declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

22.     This Court may grant Plaintiff's requested injunctive relief on a preliminary basis pursuant to Fed. R. Civ. P. 65.

## VENUE

23.     Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants perform their official duties in the District of Colorado and the facts that form the basis for this complaint are all based in this district.

## GENERAL ALLEGATIONS

**Defendants' Conduct**

24.     Defendant Reiner has conceded directly to members of Citizen Center and publicly that she has adopted and implemented systems, practices, policies and procedures for the conduct of elections in Mesa County that allow her to trace voted ballots in her keeping to individual voters

in Mesa County.   Reiner has denied public records requests seeking to inspect voted ballots and other election records of Mesa County on the basis that allowing an inspection of the records requested would enable the public also to trace voted ballots to individual voters in Mesa County. On or before November 22, 2011, Reiner or her staff authored a PowerPoint presentation that showed how to locate the particular ballots voted and cast in a recent election by several identifiable Mesa County voters, including Mesa County Commissioner Craig Meis, Mesa County Commissioner Janet Rowland, Mesa County Commissioner Steve Acquafresca, State Senator Steve King, State Representative Laura Bradford and State Representative Ray Scott.

25.     Defendant Doyle has conceded publicly that he has adopted and implemented systems, practices, policies and procedures for the conduct of elections in Larimer County that allow him to trace voted ballots in his keeping to individual voters in Larimer County.   On or before January 5, 2012, Doyle or his staff authored a PowerPoint presentation that showed how to locate the particular ballots voted and cast in a recent election by several identifiable Larimer County voters, including State Senator Bob Bacon, State Senator Kevin Lundberg, State Representative B.J. Nikkel, State Representative Brian DelGrosso, State Representative John Kefalas and State Representative Randy Fischer.

26.     Defendant Anderson has conceded directly to members of Citizen Center and publicly that she has adopted and implemented systems, practices, policies and procedures for the conduct of elections in Jefferson County that allow her to trace voted ballots in her keeping to individual voters in Jefferson County.   Anderson has denied public records requests seeking to inspect voted ballots and other election records of Jefferson County on the basis that allowing an

inspection of the records requested would enable the public also to trace voted ballots to individual voters in Jefferson County.

27.     Defendant Hall has conceded directly to members of Citizen Center that she has adopted and implemented systems, practices, policies and procedures for the conduct of elections in Boulder County that allow her to trace voted ballots in her keeping to individual voters in Boulder County.   Hall has denied public records requests seeking to inspect unredacted images of voted ballots and other election records of Boulder County on the basis that allowing an inspection of the records requested would enable the public also to trace voted ballots to individual voters in Boulder County.

28.     Defendant Reno has conceded directly to members of Citizen Center that she has adopted and implemented systems, practices, policies and procedures for the conduct of elections in Chaffee County that allow her to trace voted ballots in her keeping to individual voters in Chaffee County.   Reno has denied public records requests seeking to inspect voted ballots of Chaffee County on the basis that identifying an anonymous, unidentifiable voted ballot that could not be traced to an individual voter in Chaffee County is not an easy task.

29.     Defendant Simonton has conceded directly to members of Citizen Center that she has adopted and implemented systems, practices, policies and procedures for the conduct of elections in Eagle County that allow her to trace voted ballots in her keeping to individual voters in Eagle County.   Simonton has denied public records requests seeking to inspect voted ballots and other election records of Eagle County on the basis that allowing an inspection of the records requested would enable the public also to trace voted ballots to individual voters in Eagle County.

30.     All Colorado county clerk and recorders, including Defendant county clerk and recorders, are required by Colorado law to consult with Defendant Secretary of State Gessler and follow the rules and orders promulgated by the Secretary in relation to elections.   See § 1-1-110(1), C.R.S.

31.     Defendant Gessler, for his part, has the powers and duties as Secretary of State to supervise the conduct of Colorado elections carried out by Colorado county clerk and recorders, to promulgate such rules as he finds necessary for the proper administration and enforcement of the election laws and to inspect and review the practices and procedures of Colorado's county clerk and recorders.   See § 1-1-107(1)(a)-(b); -107(2)(a)-(b), C.R.S.

32.     Defendant Gessler has conceded directly to members of Citizen Center that his office is aware and has been aware since the 2010 election cycle that numerous county clerk and recorders in Colorado have adopted and implemented systems, practices, policies and procedures for the conduct of elections, including tracking reports, that allow voted ballots to be traced to specific voters.   Gessler stated on November 30, 2011, that his office is considering rules or statutory changes to restrict the public's access to reports that could be used to track a ballot to a specific voter.   But Gessler and his office have no publicly announced plans to propose any rules or statutory changes that would prevent Colorado's county clerk and recorders from continuing to compile and maintain information, including tracking reports, that permits the government to trace voted ballots to individual voters.

33.     Systems, practices, policies and procedures implemented for the conduct of elections in other Colorado counties, including Pitkin County, show that a lawful Colorado election may be conducted without any need for the government to compile and maintain

information that violates secrecy in voting by permitting voted ballots to be traced to individual voters.

34. Voted ballots in the keeping of Colorado county clerk and recorders, including Defendant county clerk and recorders, are generally accessible to a large number of people, including: the county clerk and recorder (a partisan elected official), county elections staff, county election system vendors, the county canvass board (whose members are often designees of county political parties), the county's public resolution and duplication board, volunteer election judges, student election judges, election watchers (appointed directly by partisan candidates and issue committees), election observers, media observers, election contestants and their experts, lawyers and witnesses, observers of public recounts, court officials, public prosecutors and any others who may from time to time lawfully view voted ballots. Many of these people are bound by no statutorily prescribed oath of secrecy or confidentiality when acting in the capacities that afford them access to view and potentially inspect and handle voted ballots.

**Injuries to Members of Citizen Center**

35. Members of Citizen Center include United States citizens who are Colorado electors registered and eligible to vote in Mesa, Larimer, Jefferson, Boulder, Chaffee and Eagle counties, respectively, and who individually want to vote in the 2012 primary and general elections and in elections held thereafter in their respective counties.

### *Infringement of the Fundamental Right to Vote*

36. The right of all eligible citizens to vote in a public election is a fundamental right protected by the United States Constitution.

37.     Members of Citizen Center want to freely exercise their fundamental right to vote in the 2012 primary and general elections and elections held thereafter in their respective counties and want to do so by voting their conscience for the candidates and issues of their choice without fear of retaliation or fear of ever being called upon to explain to anyone for whom or for what reason their votes were cast.

38.     The systems, practices, policies and procedures of Defendant county clerk and recorders implemented under the supervision of Defendant Gessler expose members of Citizen Center and others to the constant threat that each voter's ballot will not be or may not remain a secret ballot, but will instead be traceable to the voter personally and will thus remain subject to being identified by government officials and others at any time after an election as the particular ballot cast by that individual voter.

39.     The systems, practices, policies and procedures of Defendant county clerk and recorders implemented under the supervision of Defendant Gessler condition the exercise of the fundamental right to vote by members of Citizen Center upon their acceptance and toleration of the risk that secrecy in voting will be violated and that their voted ballots will not be or may not remain secret, but will instead be traceable to the voter personally and thus subject to being identified by government officials and others at any time after an election as the particular ballot cast by the individual voter.

40.     By conducting elections using systems, practices, policies and procedures that permit voted ballots to be traced to individual voters, Defendant county clerk and recorders compel members of Citizen Center and others to choose between preserving the privacy of their personal

electoral preferences, on one hand, and exercising their fundamental right to cast a ballot expressing those preferences, on the other hand.

41.     While members of Citizen Center want to freely exercise their fundamental right to vote, some or all of them will not do so because of the fear that their individual voted ballot will not be or remain a secret ballot, but will instead be traceable to them personally and thus will remain subject to being identified by government officials and others at any time after an election as the particular ballot cast by that voter personally.

42.     The systems, practices, policies and procedures of Defendant county clerk and recorders implemented under the supervision of Defendant Gessler severely and substantially burden, infringe and chill members of Citizen Center and others in the exercise of their fundamental right to vote.

43.     Members of Citizen Center would like to exercise their fundamental right to vote without being subject to the constant threat that their voted ballot will be traceable to them individually or will be subject to being identified by government officials and others at any time after an election as the particular ballot cast by the voter personally.

### *Infringement of Fundamental First Amendment Rights*

44.     The act of voting in a public election is an exercise of an eligible citizen's First Amendment right to freedom of speech and political expression.

45.     The act of voting by means of a "secret ballot" in a public election is an exercise of an eligible citizen's First Amendment right to engage specifically in anonymous speech and political expression.

46.     The act of voting in a public election is an exercise of an eligible citizen's First Amendment right to freedom of political association.

47.     The act of voting by means of a "secret ballot" in a public election is an exercise of an eligible citizen's First Amendment right to engage specifically in anonymous political association.

48.     Members of Citizen Center want to use their vote in the 2012 primary and general elections and elections held thereafter in their respective counties to express their political preferences and thereby engage in the exercise of their fundamental First Amendment rights to freedom of speech and political expression, including anonymous speech and political expression, and to freedom of political association, including anonymous political association.

49.     The systems, practices, policies and procedures of Defendant county clerk and recorders implemented under the supervision of Defendant Gessler expose members of Citizen Center and others to the constant threat that each such person's electoral preferences expressed through the voted ballot will not be or remain secret and anonymous.

50.     The systems, practices, policies and procedures of Defendant county clerk and recorders implemented under the supervision of Defendant Gessler condition Plaintiff's members' exercise of their fundamental First Amendment rights to freedom of speech and political expression, anonymous speech and political expression and political association upon acceptance by members of Citizen Center of the risk that secrecy of their electoral preferences will be violated and that their voted ballots will or may be identifiable to government officials.

51.     By conducting elections using systems, practices, policies and procedures that permit voted ballots to be traced to individual voters, Defendant county clerk and recorders compel

members of Citizen Center and others to choose between preserving the privacy of their personal

electoral preferences, on one hand, and exercising the fundamental First Amendment freedoms of

speech and political expression, including anonymous speech and political expression, and

freedoms of political association, including anonymous political association, on the other hand.

52.     While members of Citizen Center want to use their vote to freely exercise their

fundamental First Amendment rights to freedom of speech and political expression, including

anonymous speech and political expression, and to freedom of political association, including

anonymous political association, some or all of them will not do so because of the fear that their

individual voted ballot will not be or may not remain a secret ballot, but will instead be traceable to

the voter personally and will thus remain subject to being identified by government officials and

others at any time after an election as the particular ballot cast by that individual voter.

53.     The systems, practices, policies and procedures of Defendant county clerk and

recorders implemented under the supervision of Defendant Gessler severely and substantially

burden, infringe and chill members of Citizen Center and others in the exercise of their

fundamental First Amendment rights to freedom of speech and political expression, to anonymous

speech and political expression, and to freedom of political association.

54.     Members of Citizen Center would like to use their vote in the 2012 primary and

general elections and elections held thereafter in their respective counties to exercise their

fundamental First Amendment rights to freedom of speech and political expression, including

anonymous speech and political expression, and to freedom of political association, including

anonymous political association, without being subject to the constant threat that their voted

ballots will be traceable to them and will remain subject to being identified by government

officials and others at any time after an election as the particular ballots cast by them personally.

### *Infringement of the Colorado Constitution's Right to Secrecy in Voting*

55.     The Colorado Constitutions establishes the right of Colorado citizens to

preservation of secrecy in voting.   See Colo. Const. art. VII, § 8.

56.     Members of Citizen Center want to exercise their right to vote in the 2012 primary

and general elections and elections held thereafter in their respective counties secure in the

guarantee provided by the Colorado Constitution that their state constitutional right to secrecy in

voting will be preserved.

57.     By adopting and implementing systems, practices, policies and procedures for the

conduct of elections that allow voted ballots to be traced to individual voters, Defendant county

clerk and recorders, with the acquiescence of Defendant Gessler, have directly violated and will

directly violate Plaintiff's members' right to secrecy in voting.

**FIRST CLAIM FOR RELIEF**
**Denial of Substantive Due Process – Fourteenth Amendment**
**Infringement of Fundamental Right to Vote**
**(against all Defendants)**

58.     Plaintiff realleges paragraphs 1 through 57 as if the same were fully stated here.

59.     The Due Process Clause of the Fourteenth Amendment declares that "no State shall

... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend.

XIV, § 1.

60.     The systems, practices, policies and procedures adopted and implemented by

Defendant county clerk and recorders for the conduct of elections in their respective counties

under the supervision of Defendant Gessler severely, substantially and unduly burden, chill and infringe upon the fundamental right to vote.

61.     These burdens and infringements are neither justified by, nor necessary to promote, a substantial and compelling state interest that cannot be accomplished by other, less restrictive means.

62.     The systems, practices, policies and procedures adopted and implemented by the Defendant county clerk and recorders under the supervision of Defendant Gessler have deprived and will deprive the members of Citizen Center of their fundamental constitutional right to vote in violation of the substantive protections of the Due Process Clause of the Fourteenth Amendment.

63.     As a direct and proximate result of the continuing toleration, implementation and enforcement of systems, practices, policies and procedures by the Defendants that make ballots cast by some voters individually identifiable, members of Citizen Center and others similarly situated have suffered and will suffer irreparable harm to their fundamental constitutional right to vote.   Members of Citizen Center have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from tolerating, authorizing, implementing and enforcing practices and procedures that make ballots cast by some voters individually identifiable, members of Citizen Center and others similarly situated will continue to suffer great and irreparable harm.

**SECOND CLAIM FOR RELIEF**
**Denial of Substantive Due Process – Fourteenth Amendment**
**Infringement of First Amendment Rights to Freedom of Speech and Association**
**(against all Defendants)**

64.     Plaintiff realleges paragraphs 1 through 63 as if the same were fully stated here.

65.     The systems, practices, policies and procedures adopted and implemented by the Defendant county clerk and recorders for the conduct of elections in their respective counties under the supervision of Defendant Gessler severely, substantially and unduly burden, chill and infringe upon the fundamental First Amendment rights to freedom of speech and association, including the rights to anonymous speech and association.

66.     These burdens and infringements are neither justified by, nor necessary to promote, a substantial and compelling state interest that cannot be accomplished by other, less restrictive means.

67.     The systems, practices, policies and procedures adopted and implemented by the Defendant county clerk and recorders under the supervision of Defendant Gessler have deprived and will deprive the members of Citizen Center of their fundamental First Amendment rights in violation of the substantive protections of the Due Process Clause of the Fourteenth Amendment.

68.     As a direct and proximate result of the continuing toleration, implementation and enforcement of systems, practices, policies and procedures by the Defendants that make ballots cast by some voters individually identifiable, members of Citizen Center and others similarly situated have suffered and will suffer irreparable harm to their fundamental First and Fourteenth Amendment rights.   Members of Citizen Center have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from tolerating, authorizing, implementing and enforcing practices and procedures that make ballots cast by some voters individually identifiable, members of Citizen Center and others similarly situated will continue to suffer great and irreparable harm.

**THIRD CLAIM FOR RELIEF**
**Denial of Substantive Due Process – Fourteenth Amendment**
**Infringement of Fundamental Right to Secret Ballot**
**(against all Defendants)**

69.     Plaintiff realleges paragraphs 1 through 68 as if the same were fully stated here.

70.     The right of citizens to vote using a secret ballot in public elections is a liberty that is now "so deeply rooted in our history and traditions" and "so fundamental to our concept of constitutionally ordered liberty" that it ranks among the fundamental rights and liberty interests that warrant substantive protection under the Due Process Clause of the Fourteenth Amendment.   Cf. Washington v. Glucksberg, 521 U.S. 702, 727 (1997).

71.     The systems, practices, policies and procedures adopted and implemented by the Defendant county clerk and recorders for the conduct of elections in their respective counties under the supervision of Defendant Gessler severely, substantially and unduly burden, chill and infringe upon the fundamental right to vote using a secret ballot in public elections.

72.     These burdens and infringements are neither justified by, nor necessary to promote, a substantial and compelling state interest that cannot be accomplished by other, less restrictive means.

73.     The systems, practices, policies and procedures adopted and implemented by the Defendant county clerk and recorders under the supervision of Defendant Gessler have deprived and will deprive the members of Citizen Center of their fundamental right to vote using a secret ballot in public elections in violation of the substantive protections of the Due Process Clause of the Fourteenth Amendment.

74.     As a direct and proximate result of the continuing toleration, implementation and enforcement of systems, practices, policies and procedures by the Defendants that make ballots

cast by some voters individually identifiable, members of Citizen Center and others similarly situated have suffered and will suffer irreparable harm to their constitutional right to vote using a secret ballot in public elections. Members of Citizen Center have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from tolerating, authorizing, implementing and enforcing practices and procedures that make ballots cast by some voters individually identifiable, members of Citizen Center and others similarly situated will continue to suffer great and irreparable harm.

### FOURTH CLAIM FOR RELIEF
### Denial of Procedural Due Process – Fourteenth Amendment
### Infringement of State-Created Liberty Interest in Voting by Secret Ballot
### (against all Defendants)

75. Plaintiff realleges paragraphs 1 through 74 as if the same were fully stated here.

76. The right to secrecy in voting is a substantive liberty interest created by state law in Article VII, § 8 of the Colorado Constitution.

77. This state-created substantive right to secrecy in voting is entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment.

78. The systems, practices, policies and procedures adopted and implemented by the Defendant county clerk and recorders under the supervision of Defendant Gessler have deprived and will deprive the members of Citizen Center of their substantive state-created liberty interest in secrecy in voting.

79. Defendants have no lawful substantive discretion under Colorado law to deprive voters of their state-created liberty interest in secrecy in voting, as Colorado law provides no procedure whereby such deprivation may lawfully be accomplished.

80.     The actual procedures utilized by the Defendant county clerk and recorders under the supervision of Defendant Gessler to deprive members of Citizen Center and others of their substantive state constitutional right to secrecy in voting either are non-existent or else are wholly arbitrary and capricious and without rational basis, and in either case such procedures do not afford the degree of constitutionally adequate process required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

81.     As a direct and proximate result of the continuing toleration, implementation and enforcement of systems, practices, policies and procedures by the Defendants that make ballots cast by some voters individually identifiable without affording those voters any constitutionally adequate procedure for contesting the deprivation of their substantive right to secrecy in voting, members of Citizen Center and others similarly situated have suffered and will suffer irreparable harm to their constitutional rights.   Members of Citizen Center have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from acting without any procedure, or with constitutionally deficient procedures, in the course of depriving members of Citizen Center and others of their state constitutional right to secrecy in voting, members of Citizen Center and others similarly situated will continue to suffer great and irreparable harm.

**FIFTH CLAIM FOR RELIEF**
**Denial of Equal Protection – Fourteenth Amendment**
**Infringement of Fundamental Right to Vote and Rights to Freedom of Speech and**
**Association**
**(against all Defendants)**

82.     Plaintiff realleges paragraphs 1 through 81 as if the same were fully stated here.

83.     The Equal Protection Clause of the Fourteenth Amendment mandates that "[n]o

State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S.

Const. amend. XIV § 1.

84.     Members of Citizen Center are, in all material respects, similarly situated to each

other and to other persons who have voted and will vote in elections conducted by the Defendant

county clerk and recorders under the supervision of Defendant Gessler.

85.     The systems, practices, policies and procedures adopted and implemented by the

Defendant county clerk and recorders under the supervision of Defendant Gessler treat members

of Citizen Center and other similarly situated persons differently, by exposing voters within

counties and in different counties to disparate likelihoods of their ballots being made identifiable,

based on such arbitrary and random vagaries as the randomized assortment of voted ballots into

tabulation batches, the choice of voting method or machine and time of voting selected by the

voter and the physical residence of voters at varying locations within intersecting district

boundaries that cause those voters to be assigned to relatively more- or less-unique ballot "styles".

86.     The systems, practices, policies and procedures adopted and implemented by the

Defendant county clerk and recorders under the supervision of Defendant Gessler severely,

substantially and unduly burden, chill and infringe upon both the fundamental right to vote and the

fundamental First Amendment rights to freedom of speech and association of members of Citizen

Center and others.

87.     The burdens and infringements imposed on these fundamental rights are

differentially imposed upon members of Citizen Center and others without justification by any

substantial or compelling state interest that cannot be accomplished by other, less restrictive means.

88.     The systems, practices, policies and procedures adopted and implemented by the Defendant county clerk and recorders under the supervision of Defendant Gessler have deprived and will deprive the members of Citizen Center of their right to equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment.

89.     As a direct and proximate result of the continuing toleration, implementation and enforcement of systems, practices, policies and procedures by the Defendants that expose similarly situated voters to disparate likelihoods of their ballots being individually identifiable, members of Citizen Center and others similarly situated have suffered and will suffer irreparable harm in the form of unequal protection of their fundamental right to vote and their fundamental First and Fourteenth Amendment rights.   Members of Citizen Center have no adequate legal, administrative, or other remedy by which to prevent or minimize this harm. Unless Defendants are enjoined from tolerating, authorizing, implementing and enforcing practices and procedures that deprive members of Citizens Center and others of unequal protection of the laws, members of Citizen Center and others similarly situated will continue to suffer great and irreparable harm.

**SIXTH CLAIM FOR RELIEF**
**Violation of State Secrecy in Voting, State Due Process and State Equal Protection –**
**Colorado Constitution**
**(against all Defendants)**

90.     Plaintiff realleges paragraphs 1 through 89 as if the same were fully stated here.

91.     The Colorado Constitution prohibits the marking of paper ballots "whereby the ballot can be identified as the ballot of the person casting it" and requires preservation of "secrecy

in voting" in all elections in which machines are used to receive and register the votes cast.   See

Colo. Const. art. VII, § 8.

92.     The Colorado Constitution guarantees rights to due process and equal protection of

the laws under state law.

93.     By adopting and implementing systems, practices, policies and procedures for the

conduct of elections that allow voted ballots to be traced to individual voters, Defendant county

clerk and recorders under the supervision of Defendant Gessler have directly violated and will

directly violate the state constitutional right of Plaintiff's members and others to secrecy in voting.

94.     Defendant county clerk and recorders under the supervision of Defendant Gessler

have also deprived and will deprive members of Citizen Center and others of state constitutional

guarantees to due process and equal protection by treating similarly situated persons differently

and arbitrarily depriving some voters but not others of the state constitutional right to secrecy in

voting.

95.     As a direct and proximate result of Defendants conduct that exposes voters to

disparate likelihoods of their ballots being individually identifiable and deprives some voters of

secrecy in voting without due process under state law, members of Citizen Center and others

similarly situated have suffered and will suffer irreparable harm to their state constitutional rights.

Members of Citizen Center have no adequate legal, administrative, or other remedy by which to

prevent or minimize this harm. Unless Defendants are enjoined from tolerating, authorizing,

implementing and enforcing practices and procedures that allow these state constitutional

violations to occur, members of Citizen Center and others similarly situated will continue to suffer

great and irreparable harm.

## SEVENTH CLAIM FOR RELIEF
### 42 U.S.C. §§ 1983
### (against all Defendants)

96.     Plaintiff realleges paragraphs 1 through 89 as if fully stated here.

97.     Members of Citizen Center have been and will be deprived of the fundamental right to vote under the United States Constitution, as well as federal constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

98.     Such deprivations have been and will be effected by Defendants acting under color of state law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1.     Enter judgment declaring that the systems, practices, policies and procedures of Defendant clerk and recorders that permit any voted ballot to be individually identifiable as the ballot of the person casting it are unconstitutional;

2.     Enter preliminary and permanent injunctions against the Defendant clerk and recorders prohibiting the implementation and enforcement of systems, practices, policies and procedures that permit any voted ballot to be individually identifiable as the ballot of the person casting it;

3.     Enter preliminary and permanent injunctions against the Defendant Secretary of State compelling him to review the practices and procedures of clerk and recorders, enforce the election laws and promulgate all rules necessary to prohibit Colorado county clerk and recorders from continued use of systems, practices, policies and procedures that permit any voted ballot to be individually identifiable as the ballot of the person casting it;

4.      Grant Plaintiff an award of its reasonable attorney's fees, costs, and expenses

incurred in this action pursuant to 42 U.S.C. § 1988; and

5.      Grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 13th, 2012

Respectfully submitted,

ROBERT A. MCGUIRE, ATTORNEY AT LAW, LLC

By:      *s/ Robert A. McGuire*
         Robert A. McGuire
         1624 Market Street, Suite 202
         Denver, Colorado 80202
         Telephone: (303) 734-7175
         Fax: (303) 734-7166
         Email: ram@lawram.com

         Attorney for Plaintiff