IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00370-CMA-MJW

CITIZEN CENTER, a Colorado nonprofit corporation,

Plaintiff(s),

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State;
SHEILA REINER, in her official capacity as Mesa County Clerk & Recorder;
SCOTT DOYLE, in his official capacity as Larimer County Clerk & Recorder;
PAM ANDERSON, in her official capacity as Jefferson County Clerk & Recorder;
HILLARY HALL, in her official capacity as Boulder County Clerk & Recorder;
JOYCE RENO, in her official capacity as Chaffee County Clerk & Recorder; and,
TEAK SIMONTON, in her official capacity as Eagle County Clerk & Recorder,

Defendant(s).

---

**ORDER REGARDING
EMERGENCY MOTION OF CITIZEN CENTER FOR MAGISTRATE'S
RECONSIDERATION AND STAY PENDING RECONSIDERATION OF PART OF THE
COURT'S JUNE 4 SCHEDULING ORDER
(DOCKET NO. 46)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on July 13, 2012, for hearing on the Emergency Motion of Citizen Center for Magistrate's Reconsideration and Stay Pending Reconsideration of Part of the Court's June 4 Scheduling Order (docket no. 46).  The court has considered the subject motion (docket no. 46), the joint response by County Clerk's (docket no. 57), the response by Scott Gessler, in his official capacity as Colorado Secretary of State (docket no. 58), and the reply (docket no. 66).  In addition, the court has taken judicial notice of the court's file and has considered applicable

Federal Rules of Civil Procedure and case law. Furthermore, the court has reviewed and carefully considered the Colorado Open Records Act ("CORA"). Lastly, the court has considered oral argument presented by the parties through counsel, Defendants' Exhibit A, and Plaintiff's Exhibits 1, 2, and 3. The court now being fully informed makes the following finding of fact, conclusions of law, and order.

In the subject motion (docket no. 46), Plaintiff argues that this court has misapprehended controlling law by granting what amounts to injunctive relief in excess of the magistrate's authority and without requiring satisfaction by the Defendants of any of the legal prerequisites for obtaining an injunction. [docket no. 46 at p. 4].

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit. See Order of Reference dated July 20, 2011 (docket no. 6) by District Judge Arguello giving authority to Magistrate Judge Watanabe pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) and Fed. R. Civ. P. 72 and D.C.COLO.LCivR 72.1C.

2. That venue is proper in the state and District of Colorado.

3. That each party has been given a fair and adequate opportunity to be heard.

4. That "[t]he Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). "The court's treatment of the motion for reconsideration depends on

whether the order is a final order that disposes of all claims and all parties or is an interlocutory order." Gagliardi v. Duran, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. (quoting Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc., 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" National Bus. Brokers, 115 F. Supp.2d at 1256 (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

5. That on June 4, 2012, this court conducted a Rule 16 Scheduling Conference (see Docket No. 43, Courtroom Minutes/Minute Order) and entered a Rule 16 Scheduling Order dated June 13, 2012,

4

*nunc pro tunc* June 4, 2012 (docket no. 53). During the Scheduling Conference, this court carefully considered the proffers made by the parties through their counsel concerning discovery and limitations on discovery, and this court entered a Scheduling Order (docket no. 53) consistent with the needs of this case for discovery and consistent with Fed. R. Civ. P. 1 and the Civil Justice Reform Act.

6. That paragraph 8(d)(2) - Discovery Limitations - in the Rule 16 Scheduling Order (docket no. 53), states:

> Plaintiff Citizen Center and its individual members shall refrain during discovery in this case from submitting Colorado Open Records Act ("CORA") requests to each of the Defendants for inspection and copying of public records that are otherwise obtainable using discovery in order to prevent Plaintiff from using CORA as a means to exceed the discovery limits included in this Order.

Plaintiff objects to the order set out in Paragraph 8.d.2. as burdensome to and violative of Citizen Center's and its members' First Amendment constitutional rights to freedom of speech and association and to petition the government and as injunctive relief that is beyond the scope of the Magistrate's authority to order.

7. That the plain language of paragraph 8(d)(2) in the Scheduling Order (docket no. 53) does not prohibit Plaintiff or its members from

5

submitting any CORA requests to non-defendant County Clerks and Recorders.

8. That the plain language of paragraph 8(d)(2) in the Scheduling Order (docket no. 53) does not prohibit Plaintiff or its members from submitting any CORA requests to Defendants, but instead it prohibits them from using CORA as a means to circumvent this court's Scheduling Order (docket no. 53) and to abuse the discovery process to obtain discovery in excess of the limitations set by this court in the Rule 16 Scheduling Order (docket no. 53), thereby gaining an unfair advantage over Defendants, who do not have the parallel ability to submit CORA requests to Plaintiff. The Rule 16 Scheduling Order (docket no. 53) was entered by this court after carefully considering the proffers by the parties as to the need and the amount of discovery that was reasonable and necessary in order to address the merits of this case at the Scheduling Conference in light of Fed. R. Civ. P. 1 and 16 and the Civil Justice Reform Act.

Rule 1 of the Federal Rules of Civil Procedure states: Scope and Purpose:

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. **They should be construed and**

6

> **administered to secure the just, speedy, and inexpensive determination of every action and proceeding**.

Fed. R. Civ. P. 1 (emphasis added).

The word **"administered"** was added to Rule 1 in 1993 to indicate the affirmative duty of courts to exercise the authority conferred upon them by the Rules in ensuring that civil litigation is resolved not only fairly, but also without undue cost or delay. Accordingly, allowing Plaintiff to ignore this court's reasonable discovery limits by submitting CORA requests, or soliciting members of Plaintiff to make such CORA requests, thwarts Rule 1 by allowing Plaintiff to impose unnecessary expenses on Defendants while itself avoiding any expense beyond that contemplated under the limitations of the Scheduling Order (docket no. 53). This court has previously ordered, in open court, that Plaintiff and Plaintiff's counsel shall share all information obtained during the discovery process to Plaintiff's members in order to avoid duplicative, unnecessary, and costly CORA requests by individual members to Defendants.

9. That Plaintiff's argument that paragraph 8(d)(2) - Discovery Limitations - in the Rule 16 Scheduling Order (docket no. 53) is a violation of the First Amendment is without merit. The Tenth Circuit

7

has stated that no general First Amendment right to access government records exists. See Smith v. Plati, 258 F.3d 1167, 1178 (10th Cir. 2001) ("It is well-settled that there is no general First Amendment right of access to all sources of information within government control.") (citations omitted). See also Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."); Lanphere & Urbaniak v. Colorado, 21 F.3d 1508, 1511 (10th Cir. 1994) ("[T]here is no constitutional right, and specifically no First Amendment right, of access to government records.").

10. That public record access in Colorado under CORA is a creature of state statute, and such statute creates such a right to public record access but also imposes specific limitations on such right. In particular, CORA provides at § 24-72-204, C.R.S:

    (1)    The custodian of any public records shall allow any person the right of inspection of such records or any portion thereof **except on one or more of the following grounds** or as provided in subsection (2) or (3) of this section:

. . .

8

      (c)    **Such inspection is prohibited** by rules promulgated by the supreme court **or by the order of any court**. . . .

§ 27-72-204, C.R.S. (emphasis added).

11. That Plaintiff's argument that CORA only allows a court to issue an order prohibiting access to specific public records upon a request from a records custodian under § 24-72-204(6) [docket no. 46 at p. 5] is misplaced. The plain language in CORA, as stated above in paragraph 10, contains no such limitation, and neither § 24-72-204(6) nor § 24-72-204(1)(c), C.R.S., reference the other. Accordingly, the provision in CORA that **allows access to public records to be limited by the order of any court** should be viewed giving commonly-accepted meaning to such language. Where the statutory language used is clear, there is no need for this court to use interpretive rules of statutory construction but should apply the statute as written. See Neiberger v. Hawkins, 70 F. Supp.2d 1177, 1184 (D. Colo. 1999). Further, the order of any court controls a party's access to public records in civil litigation regardless of whether CORA allows or prohibits access to the same records. See Martinelli v. District Court In & For City & County of Denver, 612 P.2d 1083, 1093 (Colo. 1980); Morrison v. City & County of Denver, 80 F.R.D. 289, 291-92 (D. Colo. 1978). Nothing in CORA

prohibits a federal district court from entering and enforcing its own discovery limits in a case filed in the federal district court.

12. That Plaintiff's argument that paragraph 8(d)(2) - Discovery Limitations - in the Rule 16 Scheduling Order (docket no. 53) prohibits Plaintiff or its members from meeting with the Colorado Secretary of State is without merit. Nowhere in paragraph 8(d)(2) are the Plaintiff or Plaintiff's members prohibited from meeting with the Colorado Secretary of State.

13. That the court does not agree with the Plaintiff's argument that paragraph 8(d)(2) - Discovery Limitations - in the Rule 16 Scheduling Order (docket no. 53) is a "defacto injunction." Instead, inclusion of paragraph 8(d)(2) is an exercise of the court's inherent authority to control and limit the discovery process. Plaintiff's legal support of its argument in the form of MAI Basic Four, Inc. v. Basis, Inc., 962 F.2d 978, 981 (10th Cir. 1992), and United States v. McVeigh, 157 F.3d 809, 813 (10th Cir. 1998), is inapposite to this case. See subject motion (docket 46) at p. 6. This court is well aware of its authority per the Order of Reference (docket no. 6) and the requirements for injunction relief under Fed. R. Civ. P. 65, see, e.g., Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1099 (10th Cir. 2003).

In this case, paragraph 8(d)(2) is an Order on limitation on

       discovery and not a "defacto injunction" as suggested by Plaintiff, which is well within my legal authority as the Magistrate Judge per the Order of Reference (docket no. 6) to enter.

14. That the court, however, finds some merit to the Plaintiff's argument that paragraph 8(d)(2) - Discovery Limitations - in the Rule 16 Scheduling Order (docket no. 53) is overbroad because it reaches members who are not parties to this action. See Sherwin-Williams Co. v. Spitzer, 2005 WL 2128938 (N.D.N.Y. Aug. 24, 2005) (treating association individual members as non-parties for purposes of discovery); New Hampshire Motor Transport Ass'n v. Rowe, 324 F. Supp.2d 231 (D. Maine 2004) (same). Consequently, the language of paragraph 8(d)(2) will be slightly modified to delete mention of the association members.

       That the court, however, cautions the Plaintiff and its members that discovery in this case must be conducted in an orderly fashion, that this court will not tolerate discovery abuses, and that this court will not allow the Plaintiff and its members to use discovery and/or CORA requests as a sword and a shield. See Sherwin Williams Co., 2005 WL 2128938, at *10. See also New Hampshire Motor Transport Ass'n, 324 F. Supp.2d at 237 (court indicated it would reconsider its ruling as to the third prong of the associational standing test if it turned out that the defendant's discovery was

excessively inefficient or hampered by virtue of the associations' conduct). Plaintiff and Plaintiff's counsel shall make available to Plaintiff's members all information obtained during the discovery process in order to avoid duplicative and unnecessary CORA requests to the Defendants by individual members. If during the discovery process any party believes there has been an abuse of the CORA process with respect to requests related to this case, i.e., by members of the Plaintiff's association, an appropriate motion may be filed, and today's ruling removing mention of the members in paragraph 8(d)(2) in the Scheduling Order may very well be reconsidered.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Emergency Motion of Citizen Center for Magistrate's Reconsideration and Stay Pending Reconsideration of Part of the Court's June 4 Scheduling Order (docket no. 46) is **GRANTED** to the extent that the language of paragraph 8(d)(2) - Discovery Limitations - in the Rule 16 Scheduling Order (docket no. 53) shall now read:

    Plaintiff Citizen Center shall refrain during discovery in this case from submitting Colorado Open Records Act ("CORA")

12

requests to any of the Defendants for inspection and copying of public records that are related to this case and otherwise obtainable using discovery in order to prevent Plaintiff from using CORA as a means to exceed the discovery limits included in this Order; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 16th day of July 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE