IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00370-CMA-MJW

CITIZEN CENTER, a Colorado nonprofit corporation,

Plaintiff(s),

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State;
SHEILA REINER, in her official capacity as Mesa County Clerk & Recorder;
SCOTT DOYLE, in his official capacity as Larimer County Clerk & Recorder;
PAM ANDERSON, in her official capacity as Jefferson County Clerk & Recorder;
HILLARY HALL, in her official capacity as Boulder County Clerk & Recorder;
JOYCE RENO, in her official capacity as Chaffee County Clerk & Recorder; and,
TEAK SIMONTON, in her official capacity as Eagle County Clerk & Recorder,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the Motion of Citizen Center for Leave to File First Supplemental Complaint Pursuant to Rule 15(d) [docket no. 69] is **GRANTED** for the reasons stated below.  The First Supplemental Complaint for Declaratory and Injunctive Relief [docket no. 69-1] is ACCEPTED for filing as of the date of this minute order.

Leave to file a supplemental pleading pursuant to Rule 15(d) "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001)(citation omitted).

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  Furthermore, Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the

2

       supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  Motions to supplement are addressed to the sound discretion of the court.  Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989).  "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)."  Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., 266 F. Supp.2d 1253, 1256 (D. Colo. 2003).  A motion to amend or supplement a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal."  Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

       Here, I find, my discretion, that Plaintiff has met the requirements of both Rule 15(a)(2) and 15(d), and thus the First Supplemental Complaint for Declaratory and Injunctive Relief [docket no. 69-1] shall be accepted for filing by this court, and the subject motion [docket no. 69] should be granted.

Date:  July 27, 2012